IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN JOHNSON, TIMOTHY RAMSAY,       )
STUART COLE, RICHARD BAKER,         )      2:11-cv-01876-GEB-GGH
WILLIAM STOCKMAN, RODNEY            )
JEFFRIES, MICHAEL HAFF, DANIEL      )
ELLICOCK, JASON FRINK,              )      ORDER OF DISMISSAL
                                    )
              Plaintiffs,           )
                                    )
        v.                          )
                                    )
CITY OF VALLEJO, a municipal        )
corporation,                        )
                                    )
              Defendant.            )
_____     )

        The parties filed a Stipulation for Dismissal with Prejudice and Proposed Order on July 13, 2012, in which they represent this action has settled and state this action may "be dismissed with prejudice in its entirety as to all parties pursuant to Federal Rule of Civil Procedure 41(a)(2) based upon the terms and conditions stated in the attached Settlement Agreement and General Release of Claims[.]". (ECF No. 17, 2:10-16.) The parties also state in this filing that they agree the Court will retain jurisdiction over the Parties to enforce the terms of the 'Settlement Agreement and General Release of Claims[.]'" Id. at 2:21-23.

        The parties mistakenly assume the Court will retain jurisdiction over this action to enforce the terms of the referenced settlement. The parties have not shown reason why this court should

1

retain jurisdiction, and "the mere fact that the parties agree that the court [shall] exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996); see also Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002) (observing that settlement of a federal lawsuit "is just another contract to be enforced in the usual way, that is, by fresh suit") (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378-82 (1994)) (additional citations omitted).

Since the parties have settled and agreed to dismiss this action with prejudice, this action is dismissed with prejudice. See Oswalt v. Scripto, Inc., 616 F.2d 191, 195 (5th Cir. 1980) (revealing that "even . . . [when] no formal dismissal . . . [is] filed with the clerk," a dismissal order may enter to effectuate the parties' evident intent). However, the federal court does not retain jurisdiction over the parties' referenced settlement agreement. The Clerk of the Court shall close this action.

Dated:  July 17, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2